UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FAROUK SYSTEMS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 09-cv-3499 |
| § | |
| COSTCO WHOLESALE § | |
| CORPORATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Intervene of third party Armstrong McCall, L.P. ("AMLP") (Doc. No. 31). After considering the parties' filings, all responses thereto, the oral arguments of counsel, and the applicable law, the Court finds that the Motion should be denied.

I.  BACKGROUND

A detailed factual background of this case is set forth in this Court's previous Memorandum and Order (Doc. No. 28) and will not be reproduced here. AMLP is a distributor of products of Plaintiff Farouk Systems, Inc. ("Farouk") in several territories, including Texas. In its Motion, AMLP seeks to intervene in this litigation and assert a claim for tortious interference of contract against Defendant Costco Wholesale Corporation ("Costco"). (Compl. in Intervention, Doc. No. 31-1, at 4.) AMLP's claim is based on the allegation that Costco is interfering with the exclusive distribution agreement between Farouk and AMLP ("Agreement") by obtaining Farouk products from Farouk distributors in contravention of the Agreement's exclusivity provisions. AMLP's claim is also based on its allegation that Costco has intentionally solicited and

1

induced AMLP's salon customers to purchase Farouk products directly from Costco at discounted prices. Both Costco and Farouk oppose AMLP's intervention.

## II.     INTERVENTION OF RIGHT: Rule 24(a)(2)

AMLP moves for intervention of right under Federal Rule of Civil Procedure 24(a)(2). The Fifth Circuit looks to four factors in determining whether there is a right of intervention under Rule 24(a)(2): 1) timeliness, 2) an interest relating to the action, 3) that the interest would be impaired or impeded by the case, and 4) that the interest is not adequately represented by existing parties. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009) (citations omitted). Here, the primary areas of dispute between the parties, and the factors on which this Court bases its decision, are whether AMLP's interests could, in fact, be impaired or impeded by this case, and whether AMLP's interests are adequately represented by the current parties.

### A.     Would AMLP's interests be impaired?

Intervention of right requires a "direct, substantial, and legally protected interest in the proceedings." *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 62 (5th Cir. 1987) (citations omitted). AMLP argues that its rights as the sole and exclusive distributor of Farouk products under the Agreement could be impaired in this case if, for example, this Court determines that Costco is permitted to distribute genuine Farouk products in Texas or the Court allows Costco to "undercut" AMLP's customer base by soliciting AMLP's customers with products and pricing obtained through a diversion market. (AMLP Mot., Doc. No. 31, at 6.)

Costco, however, argues that any impairment in AMLP's interests is purely speculative. Costco points out that this case does not concern whether Costco is permitted

to distribute genuine Farouk products in Texas, but rather, whether Costco knowingly induced the breach of Farouk's agreement with one of its 86 distributors. As Costco points out, "[t]he inquiry is focused on Costco's conduct [within the] supply chain, not the enforceability of any distributor's territorial rights." (Costco Resp., Doc. No. 35, at 7.) Costco also argues that AMLP has not shown how a ruling from this Court would bind AMLP in any way.

### B.     Are AMLP's interests adequately represented?

An applicant for intervention has only minimal burden as to adequate representation, and need only show that representation by the existing parties "may be inadequate." *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 425 (5th Cir. 2002). However, "[w]hen the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987).

AMLP argues that, if intervention is not permitted, its interests will not be adequately represented by either Farouk or Costco. AMLP points out that Costco clearly cannot be expected to advocate for AMLP's exclusive distribution rights. AMLP further argues that Farouk will not adequately represent its views in this case, because the damages sought by AMLP will be entirely different from those sought by Farouk.

Farouk responds, however, that AMLP's views are more than adequately represented by it. Farouk maintains that its own interests are completely aligned with AMLP's, because their shared ultimate objective is to stop Costco from targeting the

salon market for sale of Farouk products. Costco likewise reiterates that Farouk has every incentive to protect its exclusive distribution chains, and points out that, because Farouk has an exponentially larger economic stake in the exclusivity of these chains, its protection of this interest will be more than adequate.

### C. Analysis

This Court notes that AMLP's purported interest in this litigation is two-fold. AMLP first asserts that Costco is inducing Farouk distributors to sell it Farouk products in contravention of the Agreement which grants AMLP the exclusive right to distribute Farouk products in certain territories, including Texas. Second, AMLP is concerned that Costco is targeting AMLP customers, namely hair salons, and selling Farouk products to them at discounted prices.

The Court finds the first part of AMLP's stated interest to be entirely speculative. It is not clear how, by allegedly acquiring Farouk products from a distributor that is not a party to the Agreement, Costco could tortiously interfere with the distribution agreement between AMLP and Farouk. Indeed, because it appears that AMLP is not authorized under the terms of the Agreement to sell Farouk products to retailers like Costco, the source from which Costco acquires Farouk products seems to have very little bearing upon AMLP's exclusive distribution rights. Moreover, to the extent that Costco is intruding on these exclusive distribution rights by obtaining Farouk products from a diversion market, this is precisely what Farouk is trying to prevent by filing this lawsuit, an argument addressed further below. Therefore, the Court finds that, as to the first prong of AMLP's interests, the possible impairment is too speculative to support a right of intervention. *See Taylor Communications Group, Inc. v. Southwestern Bell Telephone*,

172 F.3d 385, 388 (5th Cir. 1999) (holding that a third party has no right to intervene in litigation which may have no impact on its contract).

As to the second aspect of AMLP's purported interest, namely the allegation that Costco is selling Farouk products to salons and other buyers in its exclusive geographic region, this Court holds that AMLP's interest is adequately represented by Farouk. Indeed, Farouk explicitly seeks in its Complaint to prevent Costco from inducing salons and professional stylists from purchasing their Farouk inventories from Costco, arguing that these actions interfere with, impede, and hinder Farouk's contractual distribution system. (Pl. Second Am. Compl., Doc. No. 16, ¶¶ 28-29.) Thus, because a party in this suit has the same ultimate objective as AMLP, intervention is not necessary. *See Kneelend*, 806 F.2d at 1288.

This analysis does not change because AMLP's damage model will be different from that of Farouk. Ultimately, Farouk and AMLP both seek a liability judgment against Costco for tortious interference with Farouk's distribution agreements. That the nature of the damages sought by AMLP are significantly distinct from those sought by Farouk actually suggests that it would be more appropriate for AMLP to file a separate suit against Costco, perhaps in conjunction with other similarly situated distributors, to collect the damages it seeks, rather than seeking these damages though intervention in this suit.

Thus, to the extent that AMLP has an interest that may be impaired in this case, those interests are adequately represented by Farouk. Accordingly, this Court holds that AMLP has no intervention of right under Rule 24(a)(2).

### III.     PERMISSIVE INTERVENTION: Rule 24(b)(1)(B)

AMLP also seeks to permissively intervene under Federal Rule of Civil Procedure 24(b)(1)(B). The standard for permissive intervention affords the district court judge a considerable amount of discretion. "Permissive intervention is appropriate when: '(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2008 WL 2414333, at *6 (S.D. Tex. June 11, 2008) (citing *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).

The Court recognizes that its analysis as to AMLP's right to intervention also weighs against a finding that AMLP should be allowed to permissively intervene. The Court adds that AMLP's intervention could add considerable complication and delay to this case. Costco asserted during oral argument that, should AMLP be permitted to join this case and file its Complaint in Intervention, Costco would file a Motion to Dismiss on the grounds that AMLP's claim fails to state a claim upon which relief can be granted under Federal Rule 12(b)(6). There would presumably also be issues as to AMLP's entitlement to discovery documents, as Costco has further stated that it would not allow document production vis-à-vis AMLP to be governed by the current Protective Order in place between Farouk and Costco. Finally, the Court is concerned that, should AMLP be permitted to intervene, there may be no basis on which to prevent Farouk's 85 other distributors from also seeking to intervene. Weighing all of these factors, this Court concludes that AMLP's request to intervene under Rule 24(b)(1)(B) should be denied.

**IV. CONCLUSION**

For the reasons stated above, this Court concludes that AMLP's Motion to Intervene (Doc. No. 31) should be **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 20th day of April, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE