UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FAROUK SYSTEMS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:09-cv-3499 |
| § | |
| COSTCO WHOLESALE § | |
| CORPORATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Plaintiff Farouk Systems, Inc. ("Farouk") brought this action against Defendant Costco Wholesale Corporation ("Costco") alleging trademark infringement and false designation of origins under the Lanham Act, as well as unfair competition. Pending before the Court is Costco's Motion for Judgment. (Doc. No. 92.) After considering the motion, all responses thereto, and the applicable law, the Court finds that Costco's motion must be DENIED.

**I.   BACKGROUND**

This case involved Farouk's allegation that Costco was selling a counterfeit version of Farouk's "CHI" hair iron. After a seven day jury trial, the jury found that one of the 61 CHI irons that Farouk challenged was counterfeit. The jury awarded statutory damages for that iron in the amount of $200,000. (Jury Verdict, Doc. No. 86.) After trial, Farouk moved for an entry of judgment on the jury's verdict and sought an injunction. Farouk proposed two alternative injunctions: the first would have enjoined Costco from

selling CHI irons not purchased directly from Farouk, and would have fixed the amount of liquidated damages for such sales at $1,000 per iron. (Doc. No. 87.) The second, narrower, option would have permanently enjoined Costco from the sale of counterfeit irons. (*Id.*) In response, Costco asked the Court to deny injunctive relief, and argued that both options were unnecessary and improper in light of the jury's finding that only one iron was counterfeit. (Doc. No. 88.) Costco also reurged its argument, rejected by the Court prior to trial,[1] that Farouk was not entitled to a jury trial at all. (*Id.*) On this basis, Costco urged the Court to set aside the jury verdict. Costco also asked the Court to reduce the $200,000 statutory damages award on the basis that "Farouk presented no evidence at trial regarding its actual damages, the monetary value of the CHI trademark, or the harm (if any) caused to Farouk by the sale of a single non-genuine iron." (*Id.*)

On November 15, 2010, the Court issued its Amended Final Judgment and Permanent Injunction. (Doc. No. 91.) In this Order, the Court upheld the jury's findings and reiterated its earlier conclusion that Farouk was entitled to a jury trial. While the Court found Farouk's first proposed injunction overbroad, it found the second appropriate, and granted it. Specifically, the Court held that "[e]njoining Costco from selling counterfeit irons simply traces the Lanham Act's restrictions, and does little to burden Costco. On the other hand, it offers Farouk protection of its trademarks." (Doc. No. 91.) Costco now moves for judgment under Rule 50(b).

**II.    LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not

---

[1] *See* Memorandum and Order Denying Motion to Strike Jury Demand, Doc. No. 73.

have a legally sufficient evidentiary basis to find for the party on that issue," the court may grant a motion for judgment as a matter of law. Fed. R. Civ. P. 50(a). "The decision to grant a directed verdict . . . is not a matter of discretion, but a conclusion of law based upon a finding that there is insufficient evidence to create a fact question for the jury." *Omnitech Int'l v. Clorox Co.*, 11 F.3d 1316, 1323 (5th Cir. 1994) (citations omitted) (internal quotation marks omitted). There is insufficient evidence to create a fact question for the jury when "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 401 (5th Cir. 2000) (internal quotation marks omitted). If a party's Rule 50(a) motion is denied, the party may renew its motion following trial. Pursuant to Rule 50(b), a party may file, within 28 days, a renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(b).

### III.   ANALYSIS

#### A.  Motion for Judgment on Injunctive Relief

Costco moves for judgment that the injunction entered by the Court is improper as a matter of law. At the outset, the Court notes that Rule 50(b) is not the appropriate procedural mechanism for challenging the Court's grant of injunctive relief. Rule 50 allows a court to rule as a matter of law on questions of fact when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). It therefore specifically governs the submissions of fact questions that would otherwise go to the jury. *See* 9B Fed. Prac. & Proc. § 2521 ("[Rule 50] allows the court to remove from the jury's consideration cases or issues when the facts are sufficiently clear that the law requires a particular result."). Injunctions, in

contrast, are questions of law adjudicated by the court. Accordingly, Rule 50 plays no role in the review of injunctions. Rather, Costco's concerns about the injunction should have been asserted through a Rule 60(b) motion for relief from a final judgment or order. Notwithstanding this procedural error, the Court briefly considers Costco's argument for reversing the Court's grant of injunctive relief.

### 1. Failure to cite reasons for the injunction

Federal Rule of Civil Procedure 65(d) requires, among other things, that an injunction "state the reasons why it issued." Costco argues that the injunction issued by the Court is improper because the Court failed to cite the reasons why the injunction was issued. In support of its position, Costco cites *Knox v. Salinas*, 193 F.3d 123, 128-29 (2d Cir. 1999), which vacated an injunction for failure to set forth the reasons for its issuance. As a preliminary matter, the Court notes that Costco did not cite *Knox* until after the entry of judgment, and that, as it comes from the Second Circuit, *Knox* is not controlling here. More importantly, though, the Court finds *Knox* to be distinguishable from this case. First, the court in *Knox* based its findings on Rule 65(d) *and* Rule 52(a), which requires special findings of fact and conclusions of law in actions tried upon the facts and without a jury. While the *Knox* opinion certainly mentions Rule 65(d), it focuses far more on 52(a) and the lower court's failure to meet the Rule 52(a) standard. As Rule 52(a) does not apply in this case, the analysis in *Knox* is not directly on point.

*Knox* is also distinguishable because the district court in that case indicated no reason at all for its issuance of an injunction. Here, although the Court did not offer an analysis of each factor required for injunctive relief, the Amended Final Judgment and Permanent Injunction did indicate that the injunction "simply traces the Lanham Act's

restrictions, and does little to burden Costco. On the other hand, it offers Farouk protection of its trademarks." (Doc. No. 91.) Costco has not cited any cases that require the Court to explicitly address all of the factors required for injunctive relief.

## 2. Injunctive relief factors

The impropriety of Costco's motion and the inapplicability of *Knox* notwithstanding, the Court now makes clear, in the interest of complete transparency, its conclusion that Farouk has satisfied the four criteria required for injunctive relief. To be entitled to a permanent injunction under the Lanham Act, a party must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Flowserve Corp. v. Hallmark Pump Co.*, 2011 WL 1527951, at *9 (S.D. Tex. Apr. 20, 2011) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Costco disputes the presence of the first, third, and fourth factors.

The Court finds that there is sufficient evidence directly supporting a finding of irreparable injury. Costco's procedures for inspecting CHI hair irons resulted in the sale of at least one counterfeit product. (*See* Jury Verdict, Question 1, Doc. No. 86.) Despite having sold a counterfeit, Costco maintains that its procedures—which include employing only two inspectors to inspect $300-400 million of diverted product per year—are reasonable. (*See* Fox Test. at Tr. 1097, 1162-63.) Similarly, despite its knowledge that its vendors supplied forged invoices, Costco unflinchingly protects its diverted-market vendors' confidentiality. (*Id.* at 1093-94; *see also* Miller Test. at Tr..

5

563-64.) Finally, Costco's intentions are evidence by its assertions, made as recently as its Motion for Judgment (Doc. No. 92), that changing its procedures would be contrary to the public interest. In light of Costco's insufficient procedures—which resulted in a trademark violation and which Costco will not agree to abandon or improve going forward—Farouk is at risk of irreparable injury stemming from future violations of its trademark rights.

As to the third and fourth factors, Costco argues that, while the injunction purports to prohibit Costco only from selling *counterfeit* irons, its practical effect is broader. Costco explains that the practical effect of the injunction is to discourage Costco from buying CHIs in the diverted market altogether, as purchasing them through this channel exposes Costco to perpetual risk. Costco urges that the Court's conclusion that this injunction "does little to burden Costco" is incorrect, and that the practical consequences are both serious and punitive. Costco then contends that customers will be negatively impacted by the injunction, because Costco will be unable to sell CHIs at its traditional low prices.

The Court cannot agree. While Costco's costs might go up as a result of this injunction, and consumers might have to pay higher prices, such an outcome does not excuse violations of the Lanham Act. Free competition and lower prices for consumers are laudable goals, but they do not outweigh the importance of preventing trademark infringement. Thus, the Court concludes that Costco can, and should, be enjoined from violating Lanham Act.

### B. Motion for Judgment on Farouk's Right to a Jury Trial

Costco's motion for judgment reiterates, for the third time, its argument that Farouk did not have a statutory right to a jury trial. The Court notes the procedural impropriety of Costco's motion: Rule 50 is not the appropriate vehicle for reurging a legal position rejected prior to trial. Nonetheless, the Court finds that there is no basis for modifying or even reconsidering its previous ruling on this issue. Costco does not assert new law or facts, but simply argues that the Court was incorrect in finding that Farouk had the right to a jury trial. While the question of whether the jury or the court considers statutory damages under the Lanham Act admittedly is a close one, the Court has already weighed, and rejected, Costco's arguments on this issue, and declines Costco's invitation to do so again.

### C.  Motion for Judgment on the Size of the Jury Award

Finally, Costco asserts that, even if the Court is correct that the jury determines statutory damages, the jury's $200,000 award of statutory damages in this case is excessive and unsupported by the evidence. The Court notes that Costco has forgone the right to raise this argument in a Rule 50(b) motion, as Costco did not move to limit the amount of statutory damages under Rule 50(a) at trial. In the Fifth Circuit, "[i]f a party fails to raise an issue in its Rule 50(a)(1) motions at trial it may not do so in it post-trial Rule 50(b) motion." *Arsement v. Spinnaker Exploration Co.*, 400 F.3d 238, 247 (5th Cir. 2005); *Smith v. Louisville Ladder Co.*, 237 F.3d 515, 525 (5th Cir. 2001) ("It is well-settled in this circuit that a motion for JMOL filed post verdict cannot assert a ground that was not included in the motion for JMOL made at the close of the evidence.").[2]

---

[2] Costco contends that it could not have moved for judgment on this issue at the close of trial, because it could not have known then that the jury would find only one infringing iron and award statutory damages at the high end of the spectrum based on that one iron. The Court is not persuaded by this argument.

Again, putting aside the procedural impropriety of Costco's motion, the Court finds that the motion is substantively flawed, as well. Although the trial exhibits included only one iron that the jury found to be counterfeit, there was ample evidence, from both sides, from which the jury could have concluded that Costco may have sold many counterfeit irons. In particular, evidence demonstrated that Costco had taken only the most minimal efforts to ensure that the unauthorized sellers from whom Costco was buying were, in truth, selling genuine CHI irons. The Court concludes that the testimony offered at trial was sufficient to demonstrate substantial damages to Farouk's reputation and brand identity. It thus finds sufficient support, in the evidence, for the jury's verdict.

## IV.   CONCLUSION

In light of the foregoing, the Court finds that Costco's Motion for Judgment must be **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** this the 2nd day of February, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

Parties never know what the jury is going to award; however, if a party wishes to contend that the jury is constrained to a particular decision as a matter of law, that party must move for such a finding before the entry of judgment. Costco is not relieved of this requirement simply because the jury came back with an unexpected verdict.